United States Court of Appeals
Fifth Circuit
**FILED**
March 24, 2005
Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10812
Summary Calendar

BRADY L. BYRUM,

Plaintiff-Appellant,

versus

CITY OF MESQUITE; ARRESTING POLICE OFFICERS,
Mesquite, Texas,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-1301-D
- - - - - - - - - -

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:*

Brady L. Byrum, a Texas resident, appeals the district court's order granting the motion for summary judgment filed by defendants-appellees City of Mesquite ("City") and by arresting officers sued in their official capacity, on the ground that Byrum had failed to establish municipal liability as required by Monell v. Department of Social Services, 436 U.S. 658 (1978). Byrum had alleged that City police officers had searched his car in violation of the Fourth Amendment, falsely imprisoned him, and charged him with felony explosives charges that were eventually dismissed.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his complaint and in his own summary-judgment motion, Byrum summarily asserted that the constitutional violations took place pursuant to the City's custom or policy of failing to train its police officers with respect to Fourth Amendment issues. A governmental entity or municipality, as well as officers thereof acting in their official capacity, can be held liable under § 1983 only if official policy or custom caused the deprivation of a constitutional right. Monell, 436 U.S. at 694; Brooks v. George County, Miss., 77 F.3d 834, 841 (5th Cir.), withdrawn and superseded on other grounds, 84 F.3d 157 (5th Cir. 1996). An official policy consists of, among other things, a policy statement or regulation that is officially adopted and promulgated by the municipality's lawmaking officers. See Williams v. Kaufman County, 352 F.3d 994, 1013 (5th Cir. 2003). Official policy also includes "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted or promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." Fields v. City of South Houston, 922 F.2d 1183, 1191-92 (5th Cir. 1991) (internal quotation marks and citation omitted). Finally, in narrow circumstances, even a single incident can establish an official policy "where the facts giving rise to the violation are such that it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." Burge v. St. Tammany Parish, 336 F.3d 363, 372 (5th Cir. 2003), cert. denied, 540 U.S. 1108 (2004);

see Board of Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404-07 (1997).

In support of their summary-judgment motion, the defendants submitted affidavits showing that all of the police officers involved in the alleged incident had been trained by the City with respect to Fourth Amendment procedures. Byrum offered no summary-judgment evidence either to controvert the defendants' evidence regarding training or to support his own conclusory assertions that the City and its employees engaged in a widespread practice of violating suspects' Fourth Amendment rights. Byrum has not established that the district court erred in concluding that no genuine issue as to any material fact existed regarding the defendants' municipal liability. See FED. R. CIV. P. 56(c), (e); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Byrum has effectively abandoned any claim under the Texas Tort Claims Act by failing to challenge the district court's dismissal of that claim. See Walker v. Thompson, 214 F.3d 615, 625 (5th Cir. 2000); FED. R. APP. P. 28(a)(9).

We AFFIRM the judgment of the district court.